## UNITED STATES DISTRICT COURT
## OF DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **KENNETH BAKER** | : | |
| 175 Long Branch Ave. Apt 4 | : | |
| Long Branch, NJ 07740 | : | No. |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **THE CITY OF LONG BRANCH d/b/a** | : | **JURY TRIAL DEMANDED** |
| **LONG BRANCH POLICE** | : | |
| **DEPARTMENT** | : | |
| Long Branch Municipal Building | : | |
| 344 Broadway | : | |
| Long Branch, NJ 07740 | : | |
| | : | |
| and | : | |
| | : | |
| **JORGE SILVERIO** | : | |
| Individually and in his official capacity as | : | |
| Detective Captain for the Long Branch | : | |
| Police Department | : | |
| Long Branch Municipal Building | : | |
| 344 Broadway | : | |
| Long Branch NJ 07740 | : | |
| | : | |
| and | : | |
| | : | |
| **CHRISTOPHER REMEDIOS** | : | |
| Individually and in his official capacity as | : | |
| Police Officer for the Long Branch Police | : | |
| Department | : | |
| Long Branch Municipal Building | : | |
| 344 Broadway | : | |
| Long Branch, NJ 07740 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOES 1-10** | : | |
| | : | |

**Defendants.**

## CIVIL ACTION COMPLAINT

## PARTIES

1. Plaintiff, Kenneth Baker, is an adult individual residing at the above captioned address.

2. Defendant, Long Branch Police Department ("Long Branch"), is a police department headquartered at the above captioned address. At all times material herein, acted in its official capacity.

3. Defendant, Jorge Silverio ("Silverio"), at all times material herein, as Police Officer for the borough of Long Branch Police Department, as well as in his individual capacity as an agent, servant, workman, or employee of, Long Branch Police Department.

4. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## JURISDICTION AND VENUE

5. The above paragraphs are incorporated herein by reference.

6. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

7. Venue is proper in the District of New Jersey, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district in Monmouth County, New Jersey.

## STATEMENT OF FACTS

8. The above paragraphs are incorporated herein by reference.

9. On or around December 10, 2019, Plaintiff was near a liquor store on Liberty Street in Longbranch, NJ, when an alleged robbery attempt occurred behind a nearby bullet lock store.

10. At the time of the alleged incident, Plaintiff was not involved in any criminal activity and did not rob anyone.

11. Shortly after the alleged incident, Plaintiff was arrested by Officer Remedios based on a show-up identification, during which he was allegedly positively identified as the perpetrator.

12. Plaintiff was accused of brandishing a knife and demanding money from an individual named Claude Owen, charges that were baseless and without merit.

13. Plaintiff was charged with attempted robbery involving a knife/cutting instrument and was detained, causing him to suffer undue hardship and distress.

14. Plaintiff did not even have a knife on him at the time.

15. The charges against Plaintiff were dismissed around April 2022, indicating a lack of evidence and the baselessness of the accusations.

16. Upon information and belief, Defendant Remedios knew or should have known there was no probable cause to arrest Plaintiff but proceeded with the arrest under the guise of having probable cause.

17. Defendant Silverio failed to take the necessary steps to ensure that Defendant Remedios had probable cause to arrest Plaintiff.

18. Upon information and belief, Defendants have a policy, practice, or custom, including arresting individuals without reason under the guise of having probable cause.

19. Upon information and belief, Defendant Silverio is the ultimate decision maker regarding the aforesaid policy, practice, or custom.

20. Plaintiff was forced to incur fees and costs to defend against these unfounded charges.

21. The arrest and subsequent legal proceedings have had a detrimental impact on Plaintiff's reputation, career, and emotional well-being.

22. Plaintiff has suffered considerable financial harm and emotional distress as a result of the wrongful arrest and malicious prosecution.

23. At no point was there credible evidence or probable cause to connect Plaintiff to the alleged robbery attempt.

24. Plaintiff suffered emotional distress and considerable financial harm.

25. At no time was there any evidence (probable cause/reasonable suspicion) connecting Plaintiff to the alleged charges.

**COUNT I**
**MALICIOUS PROSECUTION/WRONGFUL ARREST/**
**WRONGFUL IMPRISONMENT (UNDER STATE LAW)**

26. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

27. At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff had not committed any infraction to legally justify the incarceration and/or charges.

28. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly established legal rights.

29. Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, in violation of State law.

30. Defendants instituted criminal action against Plaintiff by way of failing to properly investigate the conduct giving rise to his arrest.

31. Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

32. The criminal action terminated in Plaintiff's favor – Plaintiff's charges were either dismissed or found not guilty.

**COUNT II**
**42 U.S.C. Sec. 1983**

## FALSE IMPRISONMENT/WRONGFUL ARREST/MALICIOUS PROSECUTION

33. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

34. At the time of Plaintiff's arrest, he had not committed any infraction giving cause to legally justify the charges imposed by Defendants.

35. The actions taken described above by Defendants' *inter alia*, were committed by these Defendants under the color of state law and were violations of Plaintiff's clearly established and well-settled constitutional and other legal rights.

36. Defendants' knowingly and unlawfully, interfered with Plaintiff's liberty and freedom.

37. Plaintiff has suffered grievous harm due to the wrongful actions, and subsequent inactions of the Defendants which resulted in Plaintiff's false arrest/imprisonment.

38. Defendants' actions errors and omissions, as more fully described in the factual section of the within the Complaint, constituted violations of Plaintiff's rights, privileges and immunities, as secured by the Fourth Amendment to the United States Constitution. Said rights, privileges and immunities include the right to be free from unreasonable seizures and searches.

39. The acts of Defendants were done with the purpose and intent of depriving Plaintiff of his rights secured to him by the Fourth Amendment to the United States Constitution.

40. The acts of Defendants, as set forth in this Complaint, were done willfully, maliciously and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities and privileges guaranteed to Plaintiff by the Fourth Amendment to the United States Constitution.

## COUNT III
## MONELL

41. The foregoing paragraphs are hereby incorporated herein by reference.

42. Upon information and belief, Defendants have a policy, practice, or custom, including arresting individuals under the guise of having probable cause.

43. Upon information and belief, Defendant Silverio is the ultimate decision maker regarding the aforesaid policy, practice, or custom.

44. Decedent suffered harm due to the Defendants' conduct.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

Respectfully submitted,

**WEISBERG LAW**                                      **SCHAFKOPF LAW, LLC**

*/s/ Matthew Weisberg*                                */s/ Gary Schafkopf*
Matthew B. Weisberg, Esq.                        Gary Schafkopf, Esq
Attorney ID No.: 01565-2000                     Attorney ID No: 01224-2000
David A. Berlin, Esq.                                   11 Bala Ave
Attorney ID No.: 02867-2012                     Bala Cynwyd PA 19004
7 South Morton Ave.                                  610-6644-5200
Morton, PA  19070                                     Fax: 888-283-1334
610-690-0801
(610) 690-0880 – Fax

                                                                    ***Attorneys for Plaintiff***