**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KENNETH BAKER,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LONG BRANCH, *et al.*,<br><br>Defendants. | Civil Action No. 24-4384 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the April 16, 2026 Report and Recommendation of the Honorable Tonianne J. Bongiovanni, U.S.M.J. ("R&R," ECF No. 21.) The R&R recommends dismissing with prejudice *pro se* Plaintiff Kenneth Baker's ("Plaintiff") Complaint, (ECF No. 1), pursuant to the Court's inherent powers and Federal Rule of Civil Procedure ("Rule") 41(b). Under Rule 72 and Local Rule 72.1, Plaintiff was afforded fourteen (14) days—until April 30, 2026—to file objections to the R&R. He has not done so. Having reviewed the relevant documents and submissions, the Court adopts the R&R and **DISMISSES** the Complaint **WITH PREJUDICE**.

The relevant facts and procedural history are captured in Judge Bongiovanni's R&R, and the Court reiterates here only what is necessary for its adoption. Plaintiff filed his Complaint, through counsel, on March 29, 2024. (ECF No. 1). Defendants answered on May 7, 2024. (ECF No. 7.) Judge Bongiovanni conducted the Initial Pretrial Conference on June 11, 2024. As a result of this conference, Judge Bongiovanni stayed formal discovery and began settlement discussions, focusing the parties on discovery that would aid in those discussions. (*See* Docket Text Minute Entry dated November 12, 2024 and accompanying text.) On March 3, 2025, Judge Bongiovanni

conducted a status conference, at which Plaintiff's counsel advised the Court that he had already lost contact with his client. Plaintiff's counsel was ultimately unable to locate or otherwise contact Plaintiff, (ECF No. 13), and Plaintiff's counsel sought to withdraw his representation, (ECF No. 14). Judge Bongiovanni entered an order specifically advising Plaintiff of his right to oppose his counsel's motion and that if he failed to respond, the Court would presume that Plaintiff consented to the motion. (ECF No. 15.) This Order was served on Plaintiff via certified mail, regular mail, and email. (*Id.*) Defendants did not oppose counsel's request to withdraw. (ECF No. 16.) Judge Bongiovanni granted the request on June 4, 2025 and ordered Plaintiff to advise the Court by July 3, 2025, whether he intended to retain new counsel. (ECF No. 18.) Judge Bongiovanni specifically advised Plaintiff in this Order that his failure to notify the Court may result in sanctions, including dismissal of the Complaint. (*Id.*) Judge Bongiovanni also ordered, in addition to service by mail, that the June 2025 Order be served on Plaintiff via email. (ECF No. 20.) To date, Plaintiff has failed to notify or otherwise contact the Court. (R&R at 4.) On April 16, 2026, Judge Bongiovanni issued the now-pending R&R, recommending that the matter be dismissed with prejudice based on Plaintiff's failure to prosecute the case. (R&R at 7.) Judge Bongiovanni ordered that the R&R be served by email, regular mail, and certified mail. (*Id.* at 8.)

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within fourteen (14) days of service. The District Court may consider the record developed before the Magistrate Judge and need not conduct independent factfinding. Loc. Civ. R. 72.1(c)(2). When a report and recommendation is uncontested, the District Court is not required to apply a particular standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (discussing 28 U.S.C. § 636(b)(1)); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). "At a minimum, 'what is not objected to, the district court reviews under the plain error or manifest injustice standard.'"

*Brainbuilders, LLC v. Optum, Inc.*, No. 18-638, 2019 WL 2315389, at *2 (D.N.J. May 31, 2019) (quoting *Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *3 (D.N.J. Oct. 12, 2012)). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to [Rule] 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254–55 (3d Cir. 2007).

Here, in addition to service by email at kenbaker2828@gmail.com, Judge Bongiovanni's R&R was mailed to Plaintiff on April 20, 2026, with instructions to make any objections within fourteen days (by April 30, 2026). (ECF No. 22.) On May 1, 2026, the mailing was returned as undeliverable. (ECF Nos. 23−24.) The reason for the non-delivery was provided as "NOT KNOWN AT THIS ADDRESS." (*Id.*) At no point has Plaintiff informed the Court that his address changed, as required by Local Civil Rule 10.1. This Local Rule requires all litigants to "advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk." Loc. Civ. R. 10.1(a) (noting that failure to comply with the Rule "may result in the imposition of sanctions by the Court"). "It is not this Court's obligation to seek out a litigant in order to properly provide that party with a copy of a court order. Once the Court has provid[ed] proof of mailing to the litigant's last known address on record, the Court's obligation has been satisfied." *Francis v. Hypen*, No. 18-0058, 2022 WL 16918186, at *2 (D.V.I. Nov. 14, 2022); *see also Williams v. Overmyer*, No. 17-251, 2023 WL 4534472 at *1 (W.D. Pa. July 13, 2023) (dismissing action under Rule 41(b) and noting that "it is a plaintiff's obligation to provide this Court with a current address and Plaintiff has not provided any new address, [therefore,] this Court must assume that the address listed on the docket is still valid"). Because the Court fulfilled its obligation to send Plaintiff the R&R, notwithstanding Plaintiff's

failure to comply with Local Civil Rule 10.1(a) and update the Court with an address that could appropriately receive mail, the Court determines that the R&R is unopposed.

Turning to the R&R itself, the Court finds no "error" in Judge Bongiovanni's recommendation or her thorough analysis of the *Poulis* factors. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (establishing a six-factor balancing test to assess whether involuntary dismissal is appropriate); (R&R at 5–7 (analyzing the *Poulis* factors and concluding that dismissal is appropriate)). Plaintiff bears full responsibility for his failure to prosecute this case, as he was given ample opportunity to do so both through counsel and as a *pro se* plaintiff. Even if there may be some merit to his action, Plaintiff has made "adjudication of his case impossible." *See Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012). Despite Judge Bongiovanni's reasonableness and repeated accommodation of Plaintiff, it is clear that in light of the inordinate amount of time—some 18 months—during which Plaintiff has failed to notify or otherwise contact the Court, he no longer wishes to pursue this case. As a result, the R&R is adopted, (ECF No. 21), and the Complaint is dismissed with prejudice. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *Hymer v. Ross*, No. 22-1531, 2026 WL 2455145, at *3 (M.D. Pa. Aug. 21, 2026) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962))).

**IT IS** on this 2nd day of October, 2026, **ORDERED** that:

1. The Court adopts the Report and Recommendation, (ECF No. 21);
2. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED with prejudice**;
3. The Clerk of Court is directed to mail a copy of this Memorandum to the address of record for Plaintiff and email Plaintiff a copy of this Memorandum at kenbaker2828@gmail.com.
4. The Clerk of Court is directed to **CLOSE** this matter.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**